IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   14-cv-03021-WYD-KMT

PAUL MATTHEW CRUZ,

    Plaintiff,

v.

RICK RAEMISCH, in his official capacity as Executive Director of the Colorado Department of Corrections,

    Defendant.

**ORDER ON MOTION TO DISMISS**

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on Defendant's Motion to Dismiss filed on January 9, 2015.  The motion seeks to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  A response in opposition to the motion was filed on January 29, 2015, and a reply was filed on February 23, 2015.  Thus, the motion is fully briefed.  Also pending is Plaintiff's Opposed Motion for Leave to Join Parties and File Amended Complaint, which is fully briefed.

By way of background, this is a prisoner civil rights case wherein Plaintiff asserts a single claim for relief under the Fourteenth Amendment based on his assertions that the criteria for sex offender treatment as outlined in Administrative Regulation 700-19 violates his "substantive due process liberty interest in statutorily mandated sex offender treatment, because it makes such treatment conditional upon the inmate fitting into a

particular DOC-imposed modality." (Compl., ¶ 1.) Thus, Plaintiff alleges that in September of 2002, he was sentenced to an indeterminate sentence of ten (10) years to life under the Colorado Life Time Supervision Act, also known as SOLSA. (*Id.*, ¶ 15.) Upon his incarceration in the Colorado Department of Corrections ["DOC"], Plaintiff sought and received sex offender treatment through the DOC's Sex Offender Treatment and Monitoring Program ("SOTMP"). (*Id.* at ¶ 17.) However, Plaintiff was subsequently terminated from the program after only one month due to his failure to attend group therapy sessions. (*Id.* at ¶ 18.)

The Complaint alleges that between December 11, 2002, and the filing of the Complaint, Plaintiff was not offered admission into SOTMP Phase I. (Compl., ¶ 19.) It further alleges that on April 13, 2010, Plaintiff "reached his initial Parole Eligibility Date but was not eligible for parole because he had not yet started SOTMP Phase 1 nor had he otherwise progressed sufficiently in treatment to make him eligible for parole." (*Id.*, ¶ 20.) In April 2012, Plaintiff completed the Phase 1 screening form and it was referred to SOTMP for screening and placement on the waiting list. (*Id.*, ¶ 21.) On July 25, 2012, Plaintiff "was placed on the waiting list, "awaiting re-entry into Phase 1." (*Id.*, ¶ 22.) When Plaintiff and his attorney asked about when Plaintiff would re-enter Phase I, they were told that he had to "wait to be called to join an active treatment", that he would be notified "when his name came up for placement" at which time he would be "called to the facility" that has an open space, and that the DOC could not give a specific time when he would be placed back in a group. (*Id.*, ¶¶ 23-26.) Plaintiff has still not been reinstated into the SOTMP. (*Id.*, ¶¶ 29-30.)

Plaintiff asserts that he "is entitled to treatment under §§ 18-1.3-1004(3) and 16-11.7-105(1), C.R.S., without having to meet the above DOC-imposed modality." (Compl., ¶ 28.)  He further asserts that "the DOC criteria on its face limits sex offender treatment just to those offenders who comply with the DOC criteria, and in the Plaintiff's case, the application of that unlawful criteria has denied and continues to deny Mr. Cruz the treatment that he is entitled to under Colorado law, in violation of his liberty interest in said treatment as protected by the Fourteenth Amendment to the U.S. Constitution." (*Id.*, ¶ 33.)  He asks the Court to declare A.R. 700-19, § IV(E) "Treatment Participation Requirements and Prioritization" of SOTMP null and void, to reinstate Plaintiff into sex offender treatment, and for an award of attorney's fees and costs.

On March 24, 2015, Plaintiff filed a Motion for Leave to Join Parties and File Amended Complaint.  It states that the Executive Director of the DOC who was the only Defendant initially sued does not manage and control the SOTMP without delegating responsibilities to subordinates.  Thus, Plaintiff seeks to join Leonard Woodson, the SOTMP Unit Manager of the DOC, and Ivette Ruiz, the SOTMP Coordinator for the Arkansas Valley Correctional Facility, and to file the Amended Complaint attached as Exhibit A to the motion.

II.   ANALYSIS

    A.   Motion to Dismiss

        1.   Standard of Review

Defendant's motion is filed pursuant to Fed. R. Civ. P. 12(b)(1) and (b)((6). Under Rule 12(b)(1), a complaint may be dismissed for lack of subject matter

jurisdiction. A facial attack on the complaint's allegations as to subject matter jurisdiction, as in this case, "questions the sufficiency of the complaint." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). In reviewing a facial attack, the Court "must accept the allegations in the complaint as true." *Id.*

As to a motion to dismiss filed under that Rule 12(b)(6), the court must "accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Jordan-Arapahoe, LLP v. Bd. of County Comm'rs of Cnty. of Arapahoe*, 633 F.3d 1022, 1025 (10th Cir. 2011). Plaintiff "must allege that 'enough factual matter, taken as true, [makes] his claim for relief ... plausible on its face.'" *Id.* (quotation and internal quotation marks omitted). "A claim has facial plausibility when the [pleaded] factual content [ ] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quotation omitted).

    2.  The Merits of the Motion to Dismiss

Defendant first argues that Plaintiff's Complaint is barred by the two year statute of limitations applicable to civil rights claims brought pursuant to 42 U.S.C. § 1983. In Colorado, a two year statute of limitations applies to Section 1983 claims. Colo. Rev. Stat. § 13-80-102*; Depineda v. Hemphill*, 25 F.3d 1056 (10th Cir. 1994). A § 1983 claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action. *Workman v. Jordan*, 32 F.3d 475, 482 (10th Cir. 1994); *see also Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995) ("a civil rights action accrues when 'facts that would support a cause of action are or should be apparent'") (quotation omitted).

Defendant asserts that the gravamen of Plaintiff's Complaint centers on the application of the treatment criteria outlined in Administrative Regulation 700-19 in determining Plaintiff's eligibility for treatment, as well as his priority order on the Phase I STOMP wait list.  He asserts that Plaintiff was subject to the alleged unlawful criteria in July of 2012. Therefore, Defendant argues that Plaintiff knew or had reason to know of the injury that forms the basis of this lawsuit by that time frame.  Plaintiff did not file this action until November 2014, several months after the statute of limitations had expired.  Thus, Defendant contends that the Complaint must be dismissed as time-barred.

In response, Plaintiff asserts that the argument that the cause of action accrued in July 2012 is faulty because Defendant has been engaging in a continuing violation of Plaintiff's constitutional rights. He argues that application of the continuing violations doctrine is a fact-intensive exception to the statute of limitations, and cannot be cannot be resolved by a motion to dismiss under Rule 12.

I find that the motion to dismiss must be granted because the case is time-barred.  Plaintiff does not dispute Defendant's contention that his claim accrued at the latest in July 2012 when he was subjected to the alleged unlawful criteria.  He further does not dispute that his Complaint was filed more than two years after that.  While Plaintiff relies on the continuing violations doctrine, the Tenth Circuit has stated that this doctrine does not apply to § 1983 claims.  *Mercer-Smith v. New Mexico Children, Youth and Families Dept.*, 416 F. App'x 704, 712 (10th Cir. 2011) (citing *Hunt v.v Bennett*, 17 F.3d 1263, 1265 (10th Cir. 1994) (holding that the doctrine of continuing violations does not "extend[] ... to a § 1983 claim"); *Thomas v. Denny's Inc.*, 111 F.3d 1506, 1514 (10th

Cir. 1997) (the doctrine of continuing violations applies to Title VII claims because "of the need to file administrative charges," but does not apply to claims that do "not require [the] filing of such charges before a judicial action may be brought.")).[1]

Moreover, I agree with Defendant that even if a continuing violation exception could be applied to claims under § 1983, it would not be applicable here. That exception is triggered by a continuous series of unlawful acts, not by the continuing effects of the original violation. *Mata v. Anderson*, 635 F.3d 1250, 1253 (10th Cir. 2011). Here, Plaintiff challenges the application of AR 700-19-IV-E for purposes of determining his eligibility for placement on the wait list and his priority order on the same. The Complaint makes clear that the alleged unlawful criterion was applied in July of 2012, when Plaintiff was screened for treatment and placed on the treatment wait list. While Plaintiff may continue to feel the effects of this initial act, no new act occurred thereafter and the continuing violation doctrine is not triggered by the continuing effects of the original violation. Since I have found that Plaintiff's claim is time-barred, I need not address the merits of the substantive due process claim

      B.     <u>Motion to Join Parties and Amend Complaint</u>

I also deny Plaintiff's Opposed Motion for Leave to Join Parties and File Amended Complaint on grounds of futility. *See Frank v. U.S. West*, 3 F.3d 1357, 1365 (10th Cir. 1993). A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason. *Watson ex rel. Watson v. Beckel*, 242 F.3d

---

[1] While the *Hunt* court indicated that the continuing violations doctrine might apply to a conspiracy claim under § 1983, 17 F.3d at 1266, no such claim is implicated here.

1237, 1239-40 (10th Cir. 2001); *see also Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) ("The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim. . . ."). Here, the Amended Complaint as proposed would be subject to dismissal for the same reasons as the original Complaint. The Amended Complaint does not impact the accrual of the cause of action in July 2012, and the two year statute of limitations would bar the claims against the new Defendants.

III.   CONCLUSION

Based upon the foregoing, it is

ORDERED that Defendant's Motion to Dismiss (ECF No. 8) is **GRANTED**. It is

FURTHER ORDERED that Plaintiff's Opposed Motion for Leave to Join Parties and File Amended Complaint (ECF No. 19) is **DENIED** as futile.

Dated:  May 6, 2015

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
Senior United States District Judge